FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG -9  AM 9: 22

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATE OF AMERICA | CRIMINAL |
| VERSUS | NO. 97-81 |
| PIERRE PARSEE | SECTION "E" |

## TRANSFER ORDER

Defendant, PIERRE PARSEE, has filed three pleadings,[1] all of which have been construed as one motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. In this motion, Parsee is challenging the constitutionality of his June 17, 1998 conviction and sentence. To support his challenge, defendant asserts the following grounds for relief:

1)   Petitioner should be resentenced pursuant to the Blakely/Booker decisions; and

2)   His sentence was unlawfully enhanced under the career offender provision.

---

[1] In May 2005, Parsee filed a Motion to Reopen Sentence or in the Alternative to Correct an Illegal Sentence Pursuant to 28 [sic] U.S.C. § 3582 or 28 U.S.C. § 2255¶6(1) or (3). In June 2005, Parsee filed a pleading entitled, Petitioner's Motion to Modified [sic] and to Correct an Illegal Sentence Pursuant to 28 [sic] U.S.C. §3582. In July 2005, Parsee filed a Motion to Clarify the Statute and Motion to Supplement the Statute, in which he corrects the mistaken citation to 18 U.S.C. § 3582, and adds 2255¶6(3). By Order entered on July 14, 2005, this Court notified Parsee that it would construe his motions as an application for post-conviction relief under 28 U.S.C. § 2255, and that the motion will be subject to the restriction of "second or successive" motions. (See Rec. Doc. Nos. 161-163).

___ Fee _____
___ Process _____
_X_ Dktd _____
_✓_ CtRmDep _____
___ Doc. No. _____

A review of this Court's record reflects that defendant has filed a prior § 2255 motion related to this same conviction and sentence. In that motion, filed April 27, 2000, defendant raised the following grounds for relief:

1) The Government constructively amended the indictment by allowing evidence to be introduced concerning conspiracy to possess marijuana with intent to distribute, when the indictment only charges the defendant with conspiracy to possess with intent to distribute cocaine;

2) He was denied the effective assistance of counsel at trial, at sentencing, and on appeal because counsel allowed the government to try him on an uncharged felony count, i.e. conspiracy to possess marijuana with intent to distribute;

3) He is actually innocent of conspiring with Nicole Harrison, Alvin Harvey, and Everette Harrison to distribute cocaine and the evidence is insufficient to sustain the conviction;

4) His conviction and sentence violated the Fifth Amendment due process clause and the Sixth Amendment right to a jury determination of all facts because the jury did not determine quantity of drugs, which is an element of the offense.

That motion was denied on the merits by Judgment entered January 31, 2001. The denial was affirmed by the United States Fifth Circuit Court of Appeals on January 14, 2002.

The motion presently before the Court is considered to be a second or successive motion as described in 28 U.S.C. §§ 2244 and 2255. In order to overcome the prohibition against the filing of second or successive claims, the defendant must establish that the motion contains one of the following requirements:

1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

    2)    claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Before the motion can be considered on the merits by this District Court, the defendant must obtain certification from the United States Fifth Circuit Court of Appeals to file this second or successive motion by making a prima facie showing of the above listed requirements to that appellate court as required by § 2255. Until such time as defendant obtains said certification, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that defendant's motion be construed in part as a motion for certification for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this District Court.

New Orleans, Louisiana, this __8__ day of ___Aug___, 2005.

_____
UNITED STATES DISTRICT JUDGE