**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

UNITED STATES                                    CRIMINAL ACTION

versus                                           NO. 97-081

PIERRE PARSEE                                    SECTION: E

## SECOND TRANSFER ORDER and REASONS

On July 13, 2005, the district court issued the initial Order (r.d. #164)[1],

the purpose of which was to provide Mr. Parsee with notice and an opportunity

to act before the court transferred his three pending motions (r.d. ## 161, 162

and 163) to the United States Fifth Circuit Court of Appeals ("Fifth Circuit") for

consideration as a second or successive §2255 motion.  Due to the unusual

series of circumstances chronicled below, that purpose was not accomplished.

In light of these circumstances, the district court will withdraw its initial

Transfer Order (r.d. #165) so that it may consider the underlying motion to

reconsider (r.d. #168) filed by Mr. Parsee on October 22, 2005, and all

supplemental filings that would have been considered then, if available.

In May and June of 2005, Mr. Parsee[2] filed the following motions:

---

[1]The docket record includes a duplicate entry of the district court's order at #169.

[2]On June 17, 1998, pursuant to a conviction after a trial by jury, Mr. Parsee was sentenced to 360 months of incarceration.  R.d. #116.  He timely appealed his conviction and sentence, which was affirmed by the Fifth Circuit on June 15, 1999.  R.d. #139.   His application for a writ of certiorari was denied on November 8, 1999.  R.d. #141.  He subsequently filed a motion for relief pursuant to 28 U.S.C. § 2255 which raised the following grounds for relief:

    1)      the government constructively amended the indictment by allowing evidence

1.      A motion entitled <u>Motion to Reopen Sentence or in the Alternative to Correct an Illegal Sentence Pursuant to 28 [sic] U.S.C. § 3582 or 28 U.S.C. §2255¶6(1) or (3)</u>.  R.d. #161.  In essence, he requests that his sentence imposed on June 17, 1998, be vacated and that he be re-sentenced pursuant to the <u>Blakely/Booker</u> decisions.

2.      A motion entitled <u>Petitioner's Motion to Modified [sic] and to Correct an illegal Sentence Pursuant to 28 [sic] U.S.C. § 3582</u>, in which he argues that pursuant to <u>Shepard v. United States</u>, 544 U.S. –, 161 L.Ed.2d 205, 125 S.Ct. 1254 (2005),  his sentence was unlawfully enhanced under the career offender provision.  R.d. #162.

3.      A motion entitled <u>Motion to Clarify the Statute and Motion to Supplement the Statute</u> in which he corrects the mistaken citation to 18 U.S.C. § 3582, and adds "28 U.S.C. §2255 6(3) since <u>Shepard</u> is retroactive under the second exception of <u>Teague</u>", and since his motion is filed within one year of the <u>Shepard</u> decision. R.d. # 163.

On July 13, 2005, this Court entered an Order that notified Mr. Parsee that it will construe his pending motions as an application for post-conviction relief under 28 U.S.C. § 2255, and instructing him that he had 20 days in which to

---

to be introduced concerning conspiracy to possess marijuana with intent to distribute, when the indictment charged only conspiracy to distribute cocaine;

2)      he was denied effective assistance of counsel at trial, at sentencing and on appeal because counsel allowed the government to try him on the above uncharged felony count;

3)      he was actually innocent and the evidence was insufficient to sustain the conviction; and

4)      his conviction violated the Fifth and Sixth Amendments because the jury did not determine the quantity of drugs, an element of the offense.

That motion was denied by the District Court on July 30, 2000.  R.d. #s 148, 149.  The  Fifth Circuit affirmed on January 14, 2002.  R.d. #154.   The Fifth Circuit observed that Mr. Parsee was sentenced to the statutory maximum of 30 years as prescribed by 21 U.S.C. §841(b)(1)(C) for a convicted drug felon, the default provision where no specific quantity is alleged, and that  there was no <u>Apprendi</u> error in his prison term.   <u>Id.</u>

withdraw or amend his motions to meet the statutory restrictions of second or successive motions for post conviction relief pursuant to § 2255.  R.d. #164. Having received no timely response from Mr. Parsee, on August 9, 2005, the district court entered the *initial* Transfer Order transferring Mr. Parsee's motions to the Fifth Circuit for its determination of whether Mr. Parsee was entitled to certification to file a second or successive motion pursuant to Section 2255. R.d. #165.   On August 11, 2005, the Clerk of the Fifth Circuit sent a letter to Mr. Parsee notifying him that his motions had been transferred to the Fifth Circuit, and that he had 30 days to file a motion in the Fifth Circuit for its authorization to proceed in district court.  R.d. #166.

On August 22, 2005, Mr. Parsee filed in district court a motion for reconsideration of "its order", meaning the Transfer Order of August 9, 2005. R.d. #168.  He argued that he had not received the district court's Order dated July 13, 2005, notifying him that he had 20 days to respond to the district court's intent to recharacterize his pending motions as second or successive Section 2255 motions.   The motion for reconsideration was docketed on Wednesday, August 24, 2005.[3]

---

[3]After receipt of Mr. Parsee's motion for reconsideration, a close review of the docket record revealed an incorrect document image at docket record #164.  The docket record was corrected and now bears the notation that a "[c]orrected image was added on 8/26/2005", the Friday before Katrina struck the Gulf Coast and 40 days after the district court's Order was signed.  Apparently, the district court's Order dated July 13, 2005, was not correctly scanned and entered in the docket record, and for that reason, it probably was not actually sent to Mr. Parsee until August 26, 2005.  The district court's Order of July 13, 2005,  is also

Section "E" of the U.S. District Court for the Eastern District of Louisiana was closed from August 29 until December 1, 2005, and no action was taken during that time on Mr. Parsee's motion to reconsider.  In that interim, on October 28, 2005, Mr. Parsee filed a letter notifying the district court that he had received the court's Order dated July 13, 2005, on October 4, 2005.  R.d. #170.  The district court construed the letter as a motion for an extension of time in which to respond, and on December 13, 2005, entered an Order granting an additional 30 days from that date to respond to the district court's Order dated July 13, 2005.  R.d. #171.

Meanwhile, unaware of the proceedings in district court and relying on the initial Transfer Order dated August 9, 2005, the Fifth Circuit on December 5, 2005, issued its Order denying authorization for Mr. Parsee to file a second or successive Section 2255 petition for failure to comply with the Fifth Circuit's notice to him of August 11, 2005.  R.d. #172.  The Order was filed in the docket record in district court on December 11, 2005.

Finally, on January 17, 2006, Mr. Parsee filed a response to the district court's Order dated July 13, 2005, regarding his pending motions.  R.d. #173. He cites <u>Dodd v. United States</u>, 125 S.Ct. 2478 (2005) in support of his argument that his motions should not be considered "second or successive"

---

imaged and docketed at r.d. #169.

because the <u>United States v. Booker</u>, 125 S.Ct. 738 (2005) and <u>Shepard v.</u>
<u>United States</u>, 125 S.Ct. 1254 (2005) decisions render his pending motions
timely pursuant of 28 U.S.C. 2255¶6(3).  He is incorrect.  The Fifth Circuit has
held that <u>Booker</u>'s holding is not retroactively applicable to a case on collateral
review.  <u>United States v. Lastrapes</u>, 2005 WL 3241976 at *1 (W.D.La., Nov. 29,
2005), *citing* <u>Padilla v. U.S.</u>, 416 F.3d 424, 4247 (5th Cir. 2005).  To the extent
that Mr. Parsee's pending motions claim a right newly recognized by <u>Shepard,</u>
which he argues was made retroactively applicable to cases on collateral review
by <u>Dodd</u>, <u>Shepard</u> has not been made retroactive.  <u>Id.</u>, at *2.  "<u>Dodd</u> stands for
the proposition that the one year limitation under § 6(3) of § 2255 begins to
run on the date the Supreme Court 'initially recognized' the right initially
asserted in a motion", it does not extend <u>Booker</u> and <u>Shepard</u> to cases on
collateral review.  <u>Id.</u>, at *2 n.3.

The motions presently before the Court will be construed as a single
motion, and is considered to be a second or successive motion as described in
28 U.S.C. §§ 2244 and 2255.  In order to overcome the prohibition against the
filing of second or successive claims, Mr. Parsee must establish that the motion
contains one of the following requirements:

    1)    claims based on newly discovered evidence that, if proven and
viewed in light of the evidence as a whole, would be sufficient to
establish by clear and convincing evidence that no reasonable
factfinder would have found the defendant guilty of the offense; or

2)      claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Before the motion can be considered on the merits by the district court, the petitioner must obtain certification from the Fifth Circuit to file this second or successive motion by making a prima facie showing of the above listed requirements to that appellate court as required by § 2255.  Until such time as Mr. Parsee obtains that certification, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that Mr. Parsee's motion for reconsideration of the district court's Transfer Order (r.d. #168) **IS GRANTED;** and

**IT IS FURTHER ORDERED**, *nunc pro tunc*, that the district court's Transfer Order dated August 8, 2005, (r.d. #165) be and is hereby **WITHDRAWN AND VACATED;** and

**IT IS FURTHER ORDERED** that Mr. Parsee's Response to this Court's Order dated July 13, 2005, (r.d. #173) is **OVERRULED**; and

**IT IS FURTHER ORDERED** that Mr. Parsee's motions be construed in part as a motion for certification for the district court to consider the second or successive claims raised therein; and

**IT IS FURTHER ORDERED** that Mr. Parsee's three pending motions,

-6-

record document #s 161, 162 and 163, which the district court construes as one motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255, be and is hereby **TRANSFERRED** to the Fifth Circuit Court of Appeals by the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. §§ 2244 and 2255 to file the instant motion to vacate in this district court.

New Orleans, this 28<u>th</u> day of April, 2006.

**MARCEL LIVAUDAIS, JR.**
**Senior United States District Judge**