UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATE OF AMERICA | CRIMINAL |
| VERSUS | NO. 97-081 |
| PIERRE PARSEE | SECTION "E" |

## TRANSFER ORDER

Defendant, PIERRE PARSEE, has filed a motion requesting relief based on plain error pursuant to Fed. R. Crim. P. 52(b).  (Rec. Doc. No. 191).  He argues that he is entitled to relief pursuant to the Supreme Court's recent decision in Alleyne v. United States, 570 U.S. ___, 133 S.Ct. 2151 (2013) (holding that any fact that increases the statutory mandatory minimum is an element of the offense and must be submitted to the jury and found beyond a reasonable doubt).

On January 30, 1998, Parsee was found guilty of conspiracy to possess with intent to distribute an unspecified quantity of cocaine hydrochloride in violation of 21 U.S.C. §§841(a)(1) and 846.  On June 16, 1999, the United States Fifth Circuit Court of Appeals affirmed his conviction and sentence.  United States v. Parsee, 178 F.3d 374 (5th Cir. 1999).  The Supreme Court denied his request for a writ of certiorari.  Parsee v. United States, 528 U.S. 988, 120 S.Ct. 450 (1999).

Parsee subsequently raised numerous collateral challenges to his conviction and sentence. On April 27, 2000, Parsee filed a motion to vacate pursuant to 28 U.S.C. §2255. In that motion, he raised the following claims:

1) The government constructively amended the indictment by allowing evidence to be introduced concerning conspiracy to possess marijuana with intent to distribute, when the indictment charged only conspiracy to distribute cocaine;

2) He was denied effective assistance of counsel at trial, at sentencing and on appeal because counsel allowed the government to try him on the above uncharged felony count;

3) He was actually innocent and the evidence was insufficient to sustain the conviction; and

4) His conviction violated the Fifth and Sixth Amendments because the jury did not determine the quantity of drugs, an element of the offense.

The motion was denied on July 30, 2000. (Rec. Doc. Nos. 148, 149). The Fifth Circuit Court of Appeals affirmed on January 14, 2002. (Rec. Doc. No. 154).

In May and June 2005, Parsee filed three motions: (1) Motion to Reopen Sentence or in the Alternative to Correct an Illegal Sentence Pursuant to 28 [sic] U.S.C. § 3582 or 28 U.S.C. § 2255¶6(1) or (3) (Rec. Doc. No. 161); (2) Petitioner's Motion to Modified [sic] and to Correct an Illegal Sentence Pursuant to 28 U.S.C. § 3582 (Rec. Doc. No. 162); and (3) Motion to Clarify the Statute and Motion to Supplement the Statute (Rec. Doc. No. 163). In these motions, he requested that his sentence be vacated and that he be resentenced pursuant to the Blakely/Booker decisions. He also claimed that pursuant to Shepard v. United States, 125 S. Ct. 1254 (2005), his sentence was illegally enhanced under the career offender provision. The Court construed the three motions as a single, successive § 2255 motion to vacate, set aside or correct a sentence, and transferred it to the Fifth Circuit Court of Appeals as a request for authorization under 28 U.S.C. §2244 and §2255 to

2

file the motion to vacate in district court. (Rec. Doc. No. 174). In July 2006, the Fifth Circuit denied the request for authorization. (Rec. Doc. No. 179).

On July 10, 2006, Parsee filed a "Motion to Set Aside Order Imposing Fine," in which he asserted the following grounds for relief:

1) The trial court improperly ordered the payment of a $20,000 fine under 18 U.S.C. § 3551(b)(2), and failed to submit the issue to a jury pursuant to Apprendi/Blakely/Booker, thus violating his Sixth Amendment;

2) Title 18 U.S.C. § 3551 is unconstitutional because it impermissibly allows the trial court, rather than a jury, to impose a fine;

3) The sentencing hearing and the enforcement of the fine obligation violate his due process rights under the Fifth Amendment.

The motion was construed as a successive motion to vacate pursuant to 28 U.S.C. § 2255. The United States Fifth Circuit Court of Appeals denied his motion for authorization to proceed for failure to comply with the Fifth Circuit's order to furnish a proper motion and documentation in support. (Rec. Doc. No. 188).

Parsee now purports to seek relief under Federal Rule of Criminal Procedure 52(b).[1] However, this rule does not give this court jurisdiction to vacate Parsee's long-final conviction. See United States v. Frady, 456 U.S. 152, 154, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Parsee is attempting to correct his 1998 sentence based on a subsequent change in substantive law. His remedy is a petition pursuant to 28 U.S.C. § 2255. Parsee's motion constitutes a collateral attack on his original sentence, which is properly construed as an application for post-conviction relief under 28 U.S.C. § 2255. See e.g., Johnson v. United States, 2010 WL 2670789 (N.D. TX. 2010); Roberts v. United States, 2007 WL 4591320, p. 3 (D.N.J. 2007).

---

[1] Rule 52(b) states that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b).

The motion presently before the Court is considered to be a second or successive motion as described in 28 U.S.C. §§ 2244 and 2255. In order to overcome the prohibition against the filing of second or successive claims, the defendant must establish that the motion contains one of the following requirements:

1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

2) claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Before the motion can be considered on the merits by this District Court, the defendant must obtain certification from the United States Fifth Circuit Court of Appeals to file this second or successive motion by making a prima facie showing of the above listed requirements to that appellate court as required by § 2255. Until such time as defendant obtains said certification, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that defendant's motion be construed as a § 2255 motion to vacate and in part as a motion for certification for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this District Court.

New Orleans, Louisiana this 31st day of October, 2013.

                                                _____
                                                UNITED STATES DISTRICT JUDGE