UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 97-81 |
| PIERRE PARSEE | SECTION "E" |

### ORDER AND REASONS

Before the Court is Pierre Parsee's motion for reconsideration[1] of the Court's dismissal without prejudice of his motion for compassionate release.[2] For the reasons that follow, the motion is **DENIED**. Counsel is appointed to assist Parsee in exhausting his administrative remedies and filing a new motion for compassionate release presenting his arguments relating to his age, health, and family responsibilities that may justify a reduction in his sentence.

### BACKGROUND

On January 30, 1998, a jury convicted Parsee of conspiracy to possess with intent to distribute a quantity of cocaine hydrochloride, in violation of 21 U.S.C. § 846.[3] On June 17, 1998, the Court sentenced Parsee to 360 months of imprisonment.[4] The Fifth Circuit affirmed the conviction on June 15, 1999.[5] On November 8, 1999, the United States Supreme Court denied Parsee's petition for a writ of certiorari.[6] This Court denied Parsee's motion for habeas relief on January 30, 2001.[7] Parsee filed an initial motion for

---

[1] R. Doc. 216. The Government filed a response. R. Doc. 221.
[2] R. Doc. 215.
[3] R. Doc. 116.
[4] *Id.*
[5] *United States v. Parsee*, 178 F.3d 374 (5th Cir. 1999).
[6] *Parsee v. United States*, 528 U.S. 988 (1999).
[7] R. Doc. 149.

1

compassionate release on May 21, 2020.[8] This Court denied Parsee's motion for failure to exhaust administrative remedies on June 16, 2020.[9] Parsee then filed this motion for reconsideration of that decision.[10,11]

Parsee asks the Court to reconsider its previous ruling, claiming that he exhausted his administrative remedies by pointing to an Inmate Request to Staff dated April 14, 2020,[12] and what appears to be an email addressed to the warden dated June 23, 2020.[13] The Government opposes Parsee's motion for reconsideration stating "[s]ince the issuance of this Court's order, the defendant has failed to exhaust his administrative remedies."[14]

## LAW AND ANALYSIS

Though motions for reconsideration in criminal actions "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device."[15] The Fifth Circuit has held that if a motion for reconsideration is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion is treated as a motion to alter or amend under Rule 59(e).[16] In this case, the Court denied Parsee's initial request for compassionate release due to failure to exhaust administrative remedies on June 16, 2020.[17] Parsee filed his motion for reconsideration

---

[8] R. Doc. 207.
[9] R. Doc. 215.
[10] R. Doc. 216.
[11] The Court also received and filed in the record a letter from Courtney Davis, Parsee's sister, attaching an application for petition for Commutation of Sentence filed on behalf of Parsee on August 28, 2018. R. Doc. 218.
[12] R. Doc. 216 at 5-6.
[13] R. Doc. 216 at 7.
[14] R. Doc. 221 at 1.
[15] *United States v. Cotto*, 2020 WL 3832809 at *1 (E.D. La. July 8, 2020) (quoting *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991)); *see also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment.").
[16] *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004).
[17] R. Doc. 215.

on August 3, 2020, outside of the twenty-eight day window. Accordingly, Parsee's motion for reconsideration was not timely filed.

A motion for reconsideration under Rule 59(e) "calls into question the correctness of a judgment."[18] A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[19] Instead, a Rule 59(e) motion merely allows "a party to correct manifest errors of law or fact or to present newly discovered evidence."[20] In this case, Parsee points to the Staff Inmate Request referenced in his initial motion for compassionate release. Even if the request for reconsideration were timely filed, the Staff Inmate Request is not newly discovered evidence.[21]

In regard to the instant motion, the Government represents the warden's office has not received any compassionate release requests from Parsee.[22] The Government states it conferred with the Bureau of Prisons on August 13, 2020 to determine whether Parsee had filed a request with the warden for compassionate release following the Court's ruling on June 17, 2020.[23] The Government represents both individuals consulted stated that the Bureau of Prisons had not received a request for compassionate release from Parsee since that time. The Government attaches the email correspondence.[24] Parsee fails to meet the Rule 59(e) standard for reconsideration.

Parsee attaches to his motion for reconsideration what is purported to be an email in which the addressee is "Warden Garrido," dated June 23, 2020[25]—seven days *after* the

---

[18] *Templet v. HydroChem, Inc.*, 367 F.3d 437, 478 (5th Cir. 2004).
[19] *Id.*
[20] *Id.*
[21] R. Doc. 215.
[22] R. Doc. 221.
[23] R. Doc. 221 at 4; R. Doc. 215.
[24] R. Doc. 221-1, 221-2.
[25] R. Doc. 216 at 7.

3

Court's previous order.[26] It is unclear whether the email was sent to the correct email address for the warden and whether it was received by the warden. It is unclear whether the correspondence was sufficient to constitute a request to the warden for compassionate release.

The Court's order on June 16, 2020 denied Parsee's motion for compassionate release without prejudice.[27] Accordingly, Parsee may file a new motion for compassionate release following this order. The Court will appoint counsel to provide Parsee assistance in filing a new motion for compassionate release.

## CONCLUSION

**IT IS ORDERED** that Petitioner Pierre Parsee's motion for reconsideration of the Court's dismissal without prejudice[28] of his motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED.**

**IT IS FURTHER ORDERED** that the Federal Public Defender appoint counsel to assist Petitioner Pierre Parsee in exhausting his administrative remedies, if he has not done so already, and filing a new motion for compassionate release presenting arguments relating to Petitioner's age, health, and family responsibilities that may justify a reduction in his sentence.

**New Orleans, Louisiana, this 9th day of September, 2020.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[26] R. Doc. 215.
[27] R. Doc. 215.
[28] R. Doc. 215.