## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 97-81** |
| **PIERRE PARSEE** | **SECTION "E"** |

### ORDER AND REASONS

Before the Court is Petitioner Pierre Parsee's motion for reconsideration[1] of the Court's denial of his motion for compassionate release.[2] The Government filed an opposition.[3] Parsee filed a reply.[4] For the reasons that follow, the motion is **DENIED**.

### BACKGROUND

On January 30, 1998, a jury convicted Parsee of conspiracy to possess with intent to distribute a quantity of cocaine hydrochloride, in violation of 21 U.S.C. § 846.[5] On June 17, 1998, the Court sentenced Parsee to 360 months of imprisonment.[6] The Fifth Circuit affirmed the conviction on June 15, 1999.[7] On November 8, 1999, the United States Supreme Court denied Parsee's petition for a writ of certiorari.[8] This Court denied Parsee's motion for habeas relief on January 30, 2001.[9] Parsee filed an initial motion for compassionate release on May 21, 2020.[10] This Court denied Parsee's motion for failure to exhaust administrative remedies on June 17, 2020.[11] Parsee then filed a motion for

---

[1] R. Doc. 243.
[2] R. Doc. 233.
[3] R. Doc. 245.
[4] R. Docs. 248, 249.
[5] R. Doc. 116.
[6] *Id.*
[7] *United States v. Parsee*, 178 F.3d 374 (5th Cir. 1999).
[8] *Parsee v. United States*, 528 U.S. 988 (1999).
[9] R. Doc. 149.
[10] R. Doc. 207.
[11] R. Doc. 215.

reconsideration of that decision.[12] On September 9, 2020, the Court denied Parsee's motion for reconsideration and appointed counsel to assist Parsee in exhausting his administrative remedies.[13]  On December 18, 2020, Parsee filed another motion for compassionate release.[14] The Government responded to this motion on January 12, 2021.[15] This Court again denied that motion on January 26, 2021.[16] On April 23, 2021, Parsee filed a motion for reconsideration of the January 26, 2021, decision,[17] which this Court denied on May 13, 2021.[18] Parsee has now filed a second motion for reconsideration of the January 26, 2021, denial of compassionate release.[19]

Parsee asks the Court to reconsider its January 26, 2021, ruling, arguing it was predicated upon false information, his attorney failed to present certain evidence, the physician in charge of his care has improperly amended healthcare records, and the character of his unit team has fallen below the appropriate standard.

## LEGAL STANDARD

Though motions for reconsideration in criminal actions "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device."[20] The Fifth Circuit has held that if a motion for reconsideration is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion is treated as a motion to alter or amend under Rule 59(e); otherwise, it is treated as a motion for relief from judgment under Rule 60(b).[21] In this case, the Court

---

[12] R. Doc. 216.
[13] R. Doc. 222.
[14] R. Doc. 228.
[15] R. Doc. 230.
[16] R. Doc. 233.
[17] R. Doc. 237.
[18] R. Doc. 242.
[19] R. Doc. 243.
[20] *United States v. Cotto*, 2020 WL 3832809 at *1 (E.D. La. July 8, 2020) (quoting *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991)); *see also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment.").
[21] *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004).

denied Parsee's motion for compassionate release on January 26, 2021.[22] Parsee filed this

motion for reconsideration on September 17, 2021.[23] Because the motion was filed more

than 28 days after January 26, 2021, it is treated as a motion for relief from judgment

under Rule 60(b).

Under Rule 60(b), a party may seek relief from an order for:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud    (whether    previously    called    intrinsic    or    extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.[24]

## LAW AND ANALYSIS

### I.    Parsee Has Not Shown He Is Entitled to Relief Under Rule 60(b)(2).

Parsee first argues[25] the Government misled the Court in its January 12, 2021,

opposition to his motion for compassionate release filed on December 18, 2020, by

allegedly misrepresenting that Parsee "attempt[ed] to escape from a work detail [sic] FCI

---

[22] R. Doc. 233.

[23] R. Doc. 243.

[24] Fed. R. Civ. P. 60(b). A Rule 60(b) motion "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The Government argues Parsee's motion is untimely as unreasonably late because he filed it five months after he received notice from his attorney that his motion for compassionate release was denied. R. Doc. 245 at 6-7.  However, even if the Court accepts the motion as timely, Parsee fails on the merits of his Rule 60(b) motion. *See Jenkins v. LaSalle Sw. Corr.*, No. 3:17-cv-1376-M-BN, 2020 WL 2106355, at *5 (N.D. Tex. Jan. 28, 2020) (assuming timeliness of a Rule 60(b) motion filed one year after the relevant ruling to deny the motion on the merits).

[25] R. Doc. 243-1 at 2-4.

Beaumont Low"[26]—when he in fact attempted to escape from FCC Beaumont Camp[27]—

and misrepresented that "BOP has determined that the defendant is ineligible for home

confinement due to the fact that his criminal conduct involved crime of violence directed

towards individuals"[28]—when in fact BOP has allegedly approved his placement on home

confinement.[29] Parsee's argument qualifies as a motion for reconsideration under Rule

60(b)(3) for "fraud (whether previously called intrinsic or extrinsic), misrepresentation,

or misconduct by an opposing party." "A party making a Rule 60(b)(3) motion must

establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this

misconduct prevented the moving party from fully and fairly presenting his case."[30] "Rule

60(b)(3) 'is aimed at judgments which were unfairly obtained, not at those which are

factually incorrect.'"[31] "The moving party has the burden of proving the misconduct by

clear and convincing evidence."[32] Parsee has not met his burden.

Parsee has not shown that the Government's representation that he attempted to

escape from Beaumont Low, rather than Beaumont Camp, was intended to deceive the

Court. Several of the documents the Government attached to its opposition to the motion

for compassionate release correctly identified the location of the escape attempt as

Beaumont Camp, providing the Court the correct location of the incident.[33] In fact there

were some mistakes in location among the BOP documents as well. The discipline hearing

report that the Government attached to its response to the motion for compassionate

---

[26] R. Doc. 230 at 16.
[27] R. Doc. 243-1 at 2-3. Parsee in fact disputes the description of the incident as an attempted "escape." *Id.* However, the BOP Disciplinary Hearing Officer found Parsee's conduct "most like Escape," and Parsee admitted to his conduct. R. Doc. 230-4 at 2, 4.
[28] R. Doc. 230 at 16.
[29] R. Doc. 243-1 at 3-4.
[30] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005) (citing *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place*, 62 F.3d 767, 772 (5th Cir. 1995)).
[31] *Id.* (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir.1978)).
[32] *Id.* (citing *Rozier*, 573 F.2d at 1339).
[33] R. Doc. 230-4 at 1; R. Doc. 230-1 at 1.

release correctly identified the institution as "FCC Beaumont Camp,"[34] while the incident report listed it as "FCI Beaumont Low."[35] Although the Government was imprecise in its description of the incident's location, this mistake did not prevent Parsee from fairly presenting his case, and indeed it does not affect the reasoning behind the Court's ruling. Parsee was in a BOP facility at the Beaumont Camp when the incident occurred, and the Court's concern about Parsee's conduct remains legitimate regardless of the facility where it occurred. Parsee could have clarified the precise location of the incident in a reply to the Government's opposition.

Similarly, Parsee has not shown the Government deceived the Court in stating in its January 12, 2021, response[36] that BOP denied Parsee home confinement due to his violent history. It is clear BOP was not considering him for home confinement at the time he filed his December 18, 2020, motion for compassionate release.[37] In response to that motion, the Government attached an email from BOP that stated Parsee "is not being considered for priority placement on home confinement" for several reasons, including his PATTERN risk score for recidivism and his escape attempt.[38] Parsee has attached to his current motion an unsigned home confinement agreement and supervision release plan.[39] However, even if BOP were considering him for home confinement at some recent point, it is evident that is no longer the case. Parsee's case manager has recently confirmed Parsee "was denied due to history of violence,"[40] and Parsee acknowledges BOP has "switched positions."[41]

---

[34] R. Doc. 230-4 at 1.
[35] *Id.* at 3.
[36] R. Doc. 230.
[37] R. Doc. 228.
[38] R. Doc. 230-1 at 1.
[39] R. Doc. 243-2 at 6-10.
[40] R. Doc. 245-1 at 1.
[41] R. Doc. 243-1 at 4.

## II.     Parsee Has Not Shown He Is Entitled to Relief Under Rule 60(b)(6).

Parsee next argues the programs and courses he has completed while incarcerated, along with several character reference letters, show his "strong and dependable work ethic, his skills in working with others, and his positive disposition in character" and warrant reconsideration of compassionate release.[42] Furthermore, he faults his appointed counsel for not including this character evidence in his motion for compassionate release.[43] Finally, Parsee argues the physician in charge of his care has improperly amended other inmates' medical records and his Unit Manager has improperly amended his custody classification score.[44]

Parsee's remaining arguments can only qualify as a motion for reconsideration under Rule 60(b)(6) for "any other reason that justifies relief."[45] A motion under Rule 60(b)(6) is a "catch all" basis for relief and allows relief from judgment for "any other reason justifying relief from the operation of the judgment" but the situation must be "extraordinary" to fall within that exception.[46] To warrant relief, a party must show "the initial judgment to have been manifestly unjust."[47] The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment."[48] Nor should it be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction."[49]

---

[42] *Id.* at 4-6.
[43] *Id.* at 6-7.
[44] *Id.* at 7-13.
[45] *Id.*
[46] Fed. R. Civ. P. 60(b)(6); *United States ex rel. Garibaldi v. Orleans Par. Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005).
[47] *Catherine v. Razzoo's Bar & Patio*, No. CV 19-13221, 2021 WL 981608, at *1 (E.D. La. Mar. 16, 2021).
[48] *Templet*, 367 F.3d at 478-79.
[49] *Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010).

As to the arguments and exhibits related to Parsee's work ethic, skills, and character, Parsee included the same arguments and exhibits in his first motion for reconsideration,[50] and the Court has already considered them in denying reconsideration.[51] As the Court explained then, a motion for reconsideration is not the appropriate vehicle for rehashing evidence and arguments that could have been offered or raised before the Court's initial ruling.[52] This evidence was available at the time of Parsee's motion for compassionate release, but his counsel did not include it.[53]

Moreover, it makes no difference that Parsee's counsel could have raised these arguments in the motion for compassionate release, but chose not to. A court may grant compassionate release if 1) extraordinary and compelling reasons warrant a reduction in sentence, and 2) the 18 U.S.C. § 3553(a) factors weigh in favor of release.[54] In its ruling, the Court found both requirements were not met.[55] The arguments and evidence concerning Parsee's character go only to the § 3553(a) factors; they do not call into question the Court's finding of no extraordinary and compelling reason. Even under the § 3553(a) factors, Parsee's character evidence does not ameliorate his criminal conduct while incarcerated or affect the Court's ultimate finding that Parsee may be a danger to others or to the community.[56] Parsee has not shown that his counsel's conduct was unreasonable or that it affected the outcome of his motion for compassionate release.[57]

---

[50] R. Doc. 237 at 5-8; R. Doc. 237-1; R. Doc. 237-2.

[51] *See* R. Doc. 242 at 3-4.

[52] *See id.*

[53] *See Templet*, 367 F.3d at 479 (holding the failure to include evidence in a motion for summary judgment first by a pro se plaintiff and then by plaintiff's counsel, once counsel was retained, was still an "unexcused failure").

[54] *See* 18 U.S.C. § 3582(c). The Court recognizes that it is not bound by the current policy statement or commentary in U.S. Sentencing Guidelines Manual § 1B1.13. *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *see also* R. Doc. 242 at 4-5 (recognizing the same).

[55] R. Doc. 233 at 2-10.

[56] *See id.* at 9-10.

[57] *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984) (holding a defendant must show objectively unreasonable conduct that affected the outcome of the proceedings to claim ineffective assistance of counsel); *see also Richards v. United States*, No. W-09-CR-00098, No. W-11-CA-00039, 2011

Parsee next argues his attending physician has a pattern and practice of improperly amending healthcare records, which warrants reconsideration of whether there are extraordinary and compelling reasons to reduce his sentence.[58] However, Parsee has not shown he is receiving inadequate care for his medical needs. Instead, he points to several motions for compassionate release by other inmates at Beaumont Low. Of these cases, three courts have denied the prisoners' motions and rejected their allegations,[59] one motion is still pending,[60] and one motion was never filed.[61] Parsee points to one case in which the court reduced a prisoner's sentence while noting it was "unclear" why the prisoner's obesity diagnosis was marked "resolved"; however, the court did not find the healthcare at Beaumont Low to be deficient.[62] Instead, the court noted the prisoner's four serious health conditions put him at risk of contracting COVID-19, at a time relatively early into the pandemic when vaccines were not available.[63] These complaints by inmates do not show medical care is deficient at Beaumont Low, and they do not show it is deficient *specifically* as to Parsee so as to warrant reconsideration. If Parsee is being mistreated, the proper avenue is not a motion for compassionate relief, but a challenge to his conditions of confinement under 42 U.S.C. § 1983, filed in the district in which he is confined.[64]

---

WL 13286910, at *1-3 (W.D. Tex. Aug. 30, 2011) (analyzing an ineffective assistance of counsel claim in a motion for reconsideration).

[58] R. Doc. 243-1 at 8-12.

[59] *See United States v. Copeland*, No. 4:13-cr-00030-Y, R. Doc. 1119 (N.D. Tex. Sept. 19, 2021); *United States v. Benitez*, No. 1:18-cr-091 (W.D. Tex. Mar. 30, 2021) (Text Order); *United States v. Anderson*, No. 4:17-cr-00180, R. Doc. 75 (S.D. Iowa Mar. 24, 2021) (denying motion for compassionate release); *United States v. Anderson*, No. 4:17-cr-00180, R. Doc. 94 (S.D. Iowa Aug. 16, 2021) (denying first motion for reconsideration); *United States v. Anderson*, No. 4:17-cr-00180, R. Doc. 102 (S.D. Iowa Oct. 15, 2021) (denying second motion for reconsideration).

[60] *See United States v. Cruz*, No. 3:01-cr-00717-RAM-3, R. Doc. 282 (D.P.R. July 27, 2021) (pending motion for compassionate release).

[61] *See* R. Doc. 243-1 at 10-11.

[62] *United States v. Janis*, No. CR. 16-50126-JLV, 2020 WL 7213820, at *2 n.2, 9 (D.S.D. Dec. 4, 2020).

[63] *Id.* at *7-8.

[64] *See Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) ("[C]hallenges to the conditions of confinement are properly brought under § 1983."); *see also Anderson*, No. 4:17-cr-00180, R. Doc. 75, slip op. at 8-9 (recommending the proper course for a prisoner to challenge conditions of confinement is not a motion for

Finally, Parsee argues his Unit Manager has improperly amended his custody classification score, and BOP has been slow to investigate the incident.[65] However, this claim does not justify reconsideration of his motion for compassionate release. Such a challenge is unrelated to a motion for compassionate release, as "[28 U.S.C. §] 2241 is the proper procedural vehicle for challenging the manner in which the sentence is executed, and a § 2241 petition must be filed in the district of incarceration."[66] "If BOP has erred in executing [Parsee's] sentence, the district court in the district where he is confined 'has always been available to correct the error,' and [Parsee] is not entitled to 'do an end-run around the requirements of § 2241 by invoking [compassionate release under 18 U.S.C.] § 3582(c)(1)(A)(i).'"[67]

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that Petitioner Pierre Parsee's motion for reconsideration[68] is **DENIED**.

**New Orleans, Louisiana, this 7th day of January, 2022.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

compassionate release, but a civil motion under § 1983 filed in the district where he is confined); *Anderson*, No. 4:17-cr-00180, R. Doc. 102, slip op. at 1 (same).

[65] R. Doc. 243-1 at 12-13.

[66] *See Fillingham v. United States*, 867 F.3d 531, 539 (5th Cir. 2017) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)).

[67] *United States v. Garcia-Mora*, No. 5:18-CR-00290-01, 2020 WL 3490223, at *2 (W.D. La. June 26, 2000) (quoting *United States v. Wolfe*, No. 1:15-cr-00169-TWP-DML, 2020 WL 2615010, at *4 (S.D. Ind. May 22, 2020)).

[68] R. Doc. 243.